IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Rigoberto Diaz,                     )<br>                                     )<br>            Petitioner,               )<br>                                     )   Criminal No. 2:06-cr-117<br>      vs.                            )   Civil No. 2:09-cv-27<br>                                     )<br>United States of America,            )<br>                                     )<br>            Respondent.              ) | |

### Memorandum Opinion and Order

Before the Court is a motion by petitioner, Rigoberto Diaz ("Diaz"), pro se, pursuant to 28 U.S.C. § 2255 (doc. #69).[1] For reasons set forth below, the motion is **DENIED.**

## I.   BACKGROUND

On March 20, 2008, the Government filed an Information charging Diaz with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (doc. #56).  The Information supplanted a previously filed Indictment, which was later dismissed upon motion of the Government at sentencing.  Diaz entered into a binding plea agreement (doc. #58) with the Government and pleaded guilty on March 20, 2008.  The Court subsequently accepted the binding plea agreement, and in accordance with its terms, sentenced Diaz to 97 months imprisonment on June 11, 2008 (doc. #64).

---

[1] All citations to the record are to the criminal docket, case no. 2:06-cr-117.

Diaz has now filed a petition under 28 U.S.C. § 2255. In his petition, Diaz asserts four grounds: 1) he received ineffective assistance of counsel; 2) his plea of guilty was unlawfully induced and not made voluntarily; 3) his conviction was obtained by a violation of the protection against double jeopardy; and 4) his conviction was obtained by the use of unlawfully obtained evidence.

**II. DISCUSSION**

Diaz waived his right to file post-conviction relief in his plea agreement. A plea agreement provision that contains a waiver of appeal and habeas corpus rights is enforceable provided such waiver is knowing and voluntary. United States v. DeRoo, 223 F.3d 919, 923 (8th Cir. 2000)(citing United States v. His Law, 85 F.3d 379 (8th Cir. 1996)). However, such waivers are not absolute. Id. For example, a defendant cannot waive his right to claim ineffective assistance of counsel relating to the negotiation of, or entry into, the plea agreement. Id. at 924. Because Diaz argues his counsel was ineffective, his motion has not been waived and the Court will consider the merits of his arguments.

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000). The petitioner must show, first, that his attorney's representation was objectively

deficient and, second, the attorney's deficient performance prejudiced his case.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  See also Hill v. Lockhart, 474 U.S. 52, 58 (1985) (holding that the "prejudice" requirement in the context of a guilty plea focuses on whether the ineffectiveness of counsel affected the outcome of the plea process).  The reasonableness of counsel's conduct is judged at the time of the challenged conduct.  Id. at 690.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . ."  Id.

Diaz provided an affidavit containing several statements supporting his motion.  Specifically, Diaz contends his attorney did not explain plea agreement terms, and thus he did not understand the terms or the courtroom proceedings.  Diaz also claims this resulted in an unlawfully induced plea of guilty because it was not made voluntarily.  However, after careful review of the record in this case, including the plea agreement and the transcript of the change of plea hearing, it is clear that numerous statements made by Diaz under oath during the change of plea hearing directly contradict his current assertions.  For example, the following colloquy occurred between Diaz and the Court at the change of plea hearing:

3

THE COURT: You tell me, what's going on right now? What do you think is going to happen in the next few minutes? Look at me. If you don't know it now, you never will.

THE DEFENDANT: Well, I don't know how to explain it in the same terms you guys can.

THE COURT: No. Explain it in your terms.

THE DEFENDANT: It's going to be a change of plea hearing.

THE COURT: Okay. Meaning you're going to change plea?

THE DEFENDANT: Yes.

THE COURT: You're going to plead guilty?

THE DEFENDANT: Yes.

THE COURT: To what?

THE DEFENDANT: To possession of firearms.

THE COURT: Okay. You're going to go to jail. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: How long? What's your feeling; What do you think I'm going to sentence you to?

THE DEFENDANT: To my understanding is 97 months.

THE COURT: Okay. So it's pretty serious stuff, isn't it?

THE DEFENDANT: Yes, Sir.

THE COURT: It's a long time to spend in jail for anybody.

THE DEFENDANT: Yes, it is.

  THE COURT: Have you had sufficient time to talk to your lawyer about this?

  THE DEFENDANT: Yes, Sir.

  THE COURT: Have you and he gone through this information together so you fully understand what you're charged with?

  THE DEFENDANT: Yes, Sir.

Plea Tr. at 8-9.

  Shortly thereafter, the Court directed Diaz's counsel to go through the plea agreement with him on the record to establish that he understood its terms:

  MR. LANCASTER: Mr. Diaz, you understand that I'm your lawyer in this matter, correct?

  THE DEFENDANT: Yes, Sir.

  MR. LANCASTER: Now, you and I had gone over your case. In fact, prepared for trial, correct?

  THE DEFENDANT: Yes, Sir.

  MR. LANCASTER: And then at some point you authorized me to go to the prosecutor to discuss settlement negotiations, is that correct?

  THE DEFENDANT: Yes.

  MR. LANCASTER: And after completing those negotiations the prosecutor presented a plea agreement that I brought over to you. Do you remember that?

  THE DEFENDANT: Yes.

MR. LANCASTER: Okay.  And I went over and I visited you over in Stutsman County with that agreement, is that correct?

THE DEFENDANT: Yes.

MR. LANCASTER: And so you and I went over each one of the items 1 through 24, pages 1 through 9 of the plea agreement together, is that correct?

THE DEFENDANT: Yes, Sir.

MR. LANCASTER: And I discussed with you each one of those items, is that correct?

THE DEFENDANT: Yes, it is.

MR. LANCASTER: At the same time I went through the rights that are noted in item 8 beginning on page 3, correct?

THE DEFENDANT: Yes.

MR. LANCASTER: And we discussed your rights?

THE DEFENDANT: Yes, we did.

MR. LANCASTER: And we also discussed trial and we discussed the elements of the offense, is that correct?

THE DEFENDANT: Yes.

MR. LANCASTER: And we discussed potential sentencing consequences, as well as the – what is now the binding recommendation noted in the plea agreement, is that correct?

THE DEFENDANT: That's correct.

MR. LANCASTER: After discussing all of those terms you decided to sign the plea agreement, am I correct?

      THE DEFENDANT: Yes.

      MR. LANCASTER: Okay.  And I told you that was my advice and counsel, is that correct?

      THE DEFENDANT: Yes.

Plea Tr. at 25-27.

      The Court concludes Diaz's new recitation of the facts is frivolous because it is completely contradictory to statements Diaz made under oath at his change of plea hearing.  Clearly, the record belies Diaz's claim that his attorney did not explain the terms of the plea agreement.  In addition to referring to previous meetings between the two, counsel went through the plea agreement with Diaz on the record during the hearing.  See United States v. Williams, – F.3d –, No. 07-2716, 2009 WL 996824, at *4 (8th Cir. Apr. 15, 2009) ("[The petitioner] has not demonstrated how further communications would have resulted in alternate strategies or lines of investigation that would have created a reasonable probability of a different outcome at trial.").  Diaz even agreed with the Court at the plea hearing that his attorney was giving him good advice and counsel.  Plea Tr. at 11.

      The same result is true regarding Diaz's claim that his counsel did not provide notification as to what appeals could be made.  Even assuming this claim is true, it again resulted in no prejudice because the Court itself advised Diaz of his appeal rights at the sentencing hearing.  Sentencing Tr. at 19-20.

Moreover, Diaz not only waived his right to appeal in the plea agreement, but he also had no issues worth of appeal to raise. An attorney is not required to comply with his client's request to file a frivolous appeal. Cf. Anders v. California, 386 U.S. 738, 745 (1967)(allowing attorney to withdraw from frivolous appeal).

The record further undercuts any suggestion by Diaz that his guilty plea was not voluntarily made. At numerous times the Court asked Diaz whether the plea agreement was negotiated with his approval and whether it was his intention to plead guilty, and Diaz responded in the affirmative. Plea Tr. at 5, 8, 11-13, 17-18, 21, 24-29, 31, 36-37. These statements made in open court under oath are not easily discarded. Accordingly, Diaz's second ground, that his guilty plea was unlawfully induced, is completely without merit.

Diaz's other arguments underlying his ineffective assistance of counsel claim are similarly without merit. Even if Diaz could establish that defense counsel's performance was deficient by not sharing discovery with him, by failing to challenge a juvenile case in his criminal history, and by failing to request a ruling regarding his attempts to join the army, he "cannot establish that but for this error, he would not have pleaded guilty, but instead proceeded to trial." United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007) ("He was given all of the relevant

information, and chose to plead guilty anyway."). Rather, the record overwhelmingly suggests that Diaz was eager to plead guilty. See United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009) ("In light of [the defendant's] eagerness to plead guilty, with the lowest possible sentencing range, there simply is no reasonable probability that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty."). Thus, there is no sufficient basis to demonstrate prejudice, and Diaz's ineffective assistance of counsel claim fails.

In his third ground, Diaz challenges the reckless endangerment charge from Grand Forks County District Court that involved the same conduct as the instant federal offense. According to Diaz, he accepted a plea bargain from the state whereby the facts stated that he was merely present when the weapon was discharged, whereas in this case, defense counsel indicated to him that the prosecution intended to convey to the jury that he in fact did discharge the weapon. This, he claims, resulted in his acceptance of the plea agreement in this case, although Diaz now claims this discrepancy would be a violation of his right against double jeopardy. Diaz's argument is misplaced, however, because under the dual sovereignty doctrine, "federal prosecution following state prosecution of the same person for the same acts does not violate the defendant's criminal rights." United States v. Basile, 109 F.3d 1304, 1306-07 (8th Cir. 1997)

(quoting Abbate v. United States, 359 U.S. 187, 194 (1959)).  Any plea agreement Diaz had under Grand Forks County District Court would not have been binding in this case.  Furthermore, any hypothetical double jeopardy violation as alleged by Diaz would not have even occurred until trial, which did not happen in this case because Diaz voluntarily pleaded guilty, as discussed above.

Finally, under Diaz's fourth ground, he argues that police did not properly investigate his case and used fraudulent and perjured statements as evidence to obtain a warrant and arrest him.  This resulted in an unlawful arrest, he contends.  However, this argument must fail because Diaz had full opportunity to contest the circumstances of his arrest prior to pleading guilty.  This issue is therefore not proper for consideration under Diaz's 2255 motion.  Craig v. United States, 376 F.2d 1009, 1010-11 (8th Cir. 1967) ("Likewise, the illegal search and seizure issue cannot be considered on a 2255 motion where, as here, the circumstances of the search and seizure were fully known to the defendant at the time of his trial resulting in his conviction.").  When Diaz pleaded guilty, he waived his opportunity to contest the manner in which evidence against him was obtained.  Diaz clearly understood this waiver at his change of plea hearing, and he proceeded to voluntarily plead guilty.

**III. CONCLUSION**

Diaz's grounds for relief fail to meet <u>Strickland</u>'s two-pronged approach establishing ineffective assistance of counsel. Counsel was competent and able in advocating on behalf of the petitioner and any alleged deficiencies in performance failed to establish prejudice.  Moreover, the record clearly undercuts Diaz's second ground that his guilty plea was not voluntary. Diaz's other grounds are similarly either waived or without merit.

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  <u>Watson v. United States</u>, 493 F.3d 960, 963 (8th Cir. 2007) (quoting 28 U.S.C. § 2255(b)).  Diaz's allegations cannot be accepted as true because they directly contradict his previous statements made under oath.  <u>Buster v. United States</u>, 447 F.3d 1130, 1132 (8th Cir. 2006).  Moreover, even if they are accepted as true, they entitle him to no relief.  <u>Id.</u>  Accordingly, Diaz is not entitled to an evidentiary hearing.

It is ordered that judgment is entered for the United States of America and against Rigoberto Diaz and his motion pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.  In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-445 (1962).  Based upon the entire record before the Court, dismissal of the motion is not

debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.

If Petitioner desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2009.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court